William E. Thomson, Jr. (SBN 47195)
wthomson@brookskushman.com
BROOKS KUSHMAN P.C.
601 S. Figueroa St., Suite 2080
Los Angeles, CA  90017-5726
Telephone (213) 622-3003
Facsimile: (213) 622-3053

Frank A. Angileri (*Pro Hac Vice*)
fangileri@brookskushman.com
Thomas W. Cunningham (*Pro Hac Vice*)
tcunningham@brookskushman.com
1000 Town Center, Twenty-Second Floor
Southfield, MI  48075-1238
Telephone:  (248) 358-4400
Facsimile:   (248) 358-3351

Attorneys for Defendants
DOMINO'S PIZZA, LLC and DOMINO'S PIZZA, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO DIVISION

| | |
|---|---|
| AMERANTH, INC.<br><br>v.<br><br>DOMINO'S PIZZA, INC. and<br>DOMINO'S PIZZA, LLC | Lead Case No.: 3:12-cv-0733-DMS-WVG<br><br>**DECLARATION OF THOMAS W. CUNNINGHAM IN SUPPORT OF DOMINO'S RENEWED MOTION TO DECLARE CASE EXCEPTIONAL AND AWARD ATTORNEY FEES AND NON-TAXABLE COSTS**<br><br>Judge:     Hon. Dana M. Sabraw<br>Date:      March 20, 2020<br>Time:      1:30 p.m.<br>Location:  Courtroom 13A |

I, Thomas W. Cunningham, declare as follows:

I am over eighteen years of age, have personal knowledge of the matters set forth herein, and declare that each of them is true and correct to my knowledge or information and belief. I am an attorney with Brooks Kushman P.C., counsel of record in this action for Defendants Domino's LLC and Domino's Pizza, Inc.

1. Attached hereto as Exhibit 1 is a true and correct copy of the Verdict Form in *Ameranth, Inc. v. Menusoft Systems Corporation*, E.D. Tex. Case No. 2:07-cv-271.

2. Attached hereto as Exhibit 2 is a true and correct copy of Ameranth's Amended Disclosure of Asserted Claims and Infringement Contentions as to Defendants Domino's Pizza, LLC and Domino's Pizza, Inc. dated November 15, 2013. [FILED UNDER SEAL]

3. Attached hereto as Exhibit 3 is a true and correct copy of Ameranth's Disclosure of Asserted Claims and Infringement Contentions as to Defendants Domino's Pizza LLC and Domino's Pizza, Inc. dated March 24, 2017. [FILED UNDER SEAL]

4. Attached hereto as Exhibit 4 is a true and correct copy of Ameranth's Amended Disclosure of Asserted Claims and Infringement Contentions as to Defendants Domino's Pizza LLC and Domino's Pizza, Inc. dated July 5, 2017. [FILED UNDER SEAL]

5. Attached hereto as Exhibit 5 is a true and correct copy of excerpts of the trial transcript in *Ameranth, Inc. v. Menusoft Systems Corporation*, E.D. Tex. Case No. 2:07-cv-271.

6. Attached hereto as Exhibit 6 is a true and correct copy of excerpts of the deposition transcript of Keith R. McNally dated March 13, 2018. [FILED UNDER SEAL]

7.     Attached hereto as Exhibit 7 is a true and correct copy of excerpts of the deposition transcript of Keith R. McNally dated March 12, 2018.  [FILED UNDER SEAL]

8.     Attached hereto as Exhibit 8 is a true and correct copy of the Declaration of Professor Michael Franz and his Expert Report Regarding Invalidity. [FILED UNDER SEAL]

9.     Attached hereto as Exhibit 9 is a true and correct copy of excerpts of the 9/7/2018 deposition transcript of Michael I. Shamos, Ph.D.  [FILED UNDER SEAL]

10.     Attached hereto as Exhibit 10 is a true and correct copy of the Expert Report of Michael I. Shamos, Ph.D. in Rebuttal to the Expert Report of Michael Franz Concerning Validity of U.S. Patent No. 8,146,077.  [FILED UNDER SEAL]

11.     Attached hereto as Exhibit 11 is a true and correct copy of Ameranth's December 27, 2018 Opening Federal Circuit Appellate Brief.

12.     Attached hereto as Exhibit 12 is a true and correct copy of excerpts of the deposition transcript of Keith R. McNally dated March 14, 2018.  [FILED UNDER SEAL]

13.     Attached hereto as Exhibit 13 is a true and correct copy of excerpts of the May 29, 2018 deposition transcript of Michael I. Shamos, Ph.D.  [FILED UNDER SEAL]

14.     Ameranth sought $36 million in its damages expert report, but that included only a portion of 2018 orders and had not yet been supplemented.

15.     Domino's was asserting that prior art references invalidated the '077 patent that had prior art dates less than one year prior to the filing date of the parent application of the '077 patent.  Ameranth can remove these references as prior art

by antedating them – that is, showing that it conceived the claimed invention and reduced it to practice prior to the dates of the prior art.

16.    Ameranth never produced source code with its infringement contentions.

17.    In early April 2018, after Domino's served its expert report on validity and secondary considerations, Domino's discovered a scanned picture of a computer disk in Ameranth's production (of approx. 500,000 documents) which indicated that it might contain Ameranth source code for its products.  Yet, although this case had been pending for seven years, Ameranth had never produced this source code. Ameranth confirmed that the source code existed, that it was in the possession of Ameranth's counsel, and that it had been produced in the Menusoft case (in 2008) and Par Tech case (in December 2011) pursuant to Local Patent Rules in Texas.

18.    Domino's and the other Pizza Defendants did not have the opportunity to analyze this source code since it was produced *after* invalidity expert reports were served.

19.    The 2013 ordering screen shots are included in Exhibit 6.2 to Ameranth's Opp. to Domino's Motion for Summary Judgment, as Exhibit 52 (Consol. Case, ECF No. 1185-14.)  They are also included in Ameranth's Opposition to Domino's Motion to Declare this Case Exceptional (12-cv-0733-DMS-WVG; ECF 85-07 of this case.)   I refer to them hereinafter as the "Domino's March 2013 Screen Shots."

20.    Mr. Cardinal asserts that these are screenshots of comparable orders made on Domino's mobile apps, one on an iPhone 5 and one on a Samsung Galaxy S3. (12-cv-0733 at ECF No. 85-5 at ¶¶ 4-5.)  As discussed, below, this is not true.

21.    In the iPhone 5 Order, a large pizza with pepperoni and pineapple is selected and ordered.  (Domino's March 2013 Screen Shots at iPhone 5 Order.)  In

the Samsung Galaxy 3 order, that same pizza is selected, ***but in addition, a small*** ***pizza with no toppings is selected***. (*Id*. at Samsung Order.)  This is illustrated by the screen below from the Samsung Galaxy S3 order, depicting that a "Small (10') – Hand Tossed pizza had been selected. which is included in Samsung Galaxy S3 screen shots of the Domino's March 2013 Screen Shots.



22.    I make this Declaration on personal knowledge and, if called as a witness at trial, I am competent to testify.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 13, 2020          By:/s/ Thomas W. Cunningham
                                      Thomas W. Cunningham (*Pro Hac Vice*)
                                      tcunningham@brookskushman.com
                                      BROOKS KUSHMAN P.C.
                                      1000 Town Center, Twenty-Second Floor
                                      Southfield, MI  48075-1238
                                      Telephone: (248) 358-4400
                                      Facsimile: (248) 358-3351

                                      *Attorneys* for *Defendants DOMINO'S PIZZA,
                                      INC. and DOMINO'S PIZZA, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on February 13, 2020, with a copy of this document via the Court's CM/ECF system per Local Rules.   Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or first class mail on this date.

By: /s/ Thomas W. Cunningham
*Attorneys* for *Defendants DOMINO'S PIZZA, LLC and DOMINO'S PIZZA, INC.*