UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC., <br><br>        Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA, INC. and DOMINO'S PIZZA, LLC<br><br>        Defendants. | Case No.: 12cv0733 DMS (WVG)<br><br>**ORDER (1) DENYING AMERANTH'S MOTION TO RETAX COSTS AND (2) GRANTING IN PART AND DENYING IN PART DOMINO'S MOTION TO RETAX COSTS** |

On December 7, 2018, the Clerk of Court issued an Order Taxing Costs in this case, awarding Domino's costs in the amount of $51,632.89. This was less than the $75,197.10 that Domino's requested, and more than Ameranth thought was warranted. The parties now move to retax costs, Ameranth, in the amount of $5,331.55, and Domino's, in the amount of $68,805.39.

In its motion, Ameranth raises two issues. First, it argues the costs taxed for deposition transcripts ($22,405.29) should be apportioned between the thirty-three Defendants because of their joint defense agreement, and as so apportioned, Domino's should be awarded only $678.95 in these costs. Domino's does not dispute the existence

of the joint defense agreement, but asserts the agreement does not require apportionment of these costs.

Civil Local Rule 54.1.b.3.a states: "The cost of an original and one copy of any deposition (including videotaped depositions) necessarily obtained for use in the case is allowable." Here, there is no dispute the Clerk of Court awarded Domino's costs in accordance with this Rule. Ameranth's only dispute is that the Clerk did not apportion these costs according to the joint defense agreement. Although Ameranth cites case law in which courts apportioned costs between cases and parties, it fails to cite any case law requiring apportionment here. Accordingly, the Court declines to retax the costs associated with the deposition transcripts.

Next, Ameranth argues the Clerk of Court should not have taxed the costs Domino's incurred in connection with Iron Mountain's services related to Domino's source code. Domino's requested $24,884.90 in costs, and the Clerk awarded $24,575. Ameranth asserts the Clerk should not have awarded any costs here because they were not "necessarily incurred" as required by Civil Local Rule 54.1.b.6.

In *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1332 (Fed. Cir. 2013), the Federal Circuit was faced with a similar issue regarding "costs as they relate to the production of source code[.]" The court found that:

> [w]here legitimate trade-secret concerns entitle a producing party to use a special form of production media (such as making production copies available for review on a secured computer, rather than allowing the requester to take possession of the production copies), the costs of such production media are recoverable under section 1920(4).

*Id.* Ameranth argues the Federal Circuit did not apply Ninth Circuit law or the Local Rules of this Court in reaching this decision, therefore *CBT Flint Partners* does not support the award of costs here. However, the Court disagrees. The Federal Circuit clearly applied federal law, specifically 28 U.S.C. § 1920(4), which applies in all federal courts. Furthermore, the language of that statute ("necessarily obtained"), 28 U.S.C. § 1920(4), is similar to the language in the Local Rules ("necessarily incurred"), Civ. L. R. 54.1.b.6,

which further supports application of *CBT Flint Partners* to the facts presented here. Under the reasoning of that case, the Court declines to retax these costs.

Turning to Domino's motion, their first request is that the Court retax costs in the amount of $12,369.50 for converting documents to electronic format for production to Ameranth. The Clerk of Court declined to award these costs, finding the determination of a reasonable hourly rate was for the Court. The Clerk also noted that Domino's failed to document the number of pages copied or converted. Domino's does not dispute that it failed to provide that information, (*see* Reply at 3, ECF No. 96 at 7), which is required by the Local Rules. Civ. L. R. 54.1.b.6.c. Therefore, the Court declines to retax these costs.

The only other item mentioned in Domino's motion is costs associated with creating visual aids for trial. Specifically, Domino's asks the Court to retax costs here in the amount of $4,703. The Clerk of Court declined to tax these costs because he found Domino's did provide sufficient evidence in support, and because the exhibits were not actually used at trial. Domino's disputes both of those findings.

The Court agrees with Domino's that the Local Rules do not require that exhibits be admitted at trial in order for the costs of those exhibits to be recoverable. *See* Civ. L. R. 54.1.b.7.a. The Court also agrees with Domino's that it provided sufficient evidence in support of these costs. *See* ECF No. 72-1 at 5-6. Accordingly, the Court grants Domino's motion to retax these costs.

For these reasons, Ameranth's motion to retax costs is denied, and Domino's motion to retax costs is granted in part and denied in part, as set out above.

**IT IS SO ORDERED**.

Dated: March 4, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court