UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC.,<br><br>         Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA, INC. and<br>DOMINO'S PIZZA, LLC<br><br>         Defendants. | Case No.: 12cv0733 DMS (WVG)<br><br>**ORDER DENYING AMERANTH'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, REQUEST FOR CERTIFICATION OF INTERLOCUTORY APPEAL** |

  This case comes before the Court on Ameranth's motion for reconsideration or, in the alternative, for certification for interlocutory appeal, of this Court's February 5, 2021 Order Granting in Part Defendants' Second Renewed Motion to Declare This Case Exceptional and Award Attorneys Fees and Non-Taxable Costs. Defendants filed an opposition to the motion, and Plaintiff filed a reply.

  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Ameranth argues reconsideration is warranted here "to correct multiple manifest errors of law and fact upon

which the Order is based in order to prevent serious injustice," (Mem. of P. & A. in Supp. of Mot. at 1), which the Court construes as a "clear error" argument.

To prevail on this argument, Ameranth must show there is a "definite and firm conviction that a mistake has been committed[.]" *Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir. 2004) (citing *In re Banks*, 263 F.3d 862, 869 (9th Cir. 2001)). Ameranth identifies numerous instances of alleged "clear error" in the Court's Order, from the Court's analysis of the Pizza Hut settlement and the Menusoft vacatur to whether Ameranth reassessed its case after the Federal Circuit's decision in *Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1245 (Fed. Cir. 2016). The Court has reviewed and considered each of those arguments, but disagrees with Ameranth that there was any "clear error" in the Court's Order. Accordingly, the Court denies Ameranth's motion for reconsideration.

Next, Ameranth moves the Court, in conclusory fashion, to certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). This section states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). "Both the legislative history of Section 1292(b) and the case law emphasize that . . . courts should only grant interlocutory appeals under rare circumstances." *Fujitsu Ltd. v. Tellabs, Inc.*, 539 Fed. App'x 1005, 1006 (Fed. Cir. 2013). Here, Ameranth identifies three "critical legal questions" for the Federal Circuit, on which the Court's conclusions are allegedly "in tension with other legal authority[,]" and argues the Federal Circuit's resolution of these questions "will advance [the] ultimate determination of this action." (Mem. of P. & A. in Supp. of Mot. at 24-25.) However, the Court disagrees with these arguments. In particular, the Court disagrees with Ameranth's assertion that interlocutory review of the exceptional case ruling will "materially advance the ultimate termination" of this litigation. On the contrary, this case is effectively

concluded, save for the Court's determination of the amount of fees to be awarded. Under these circumstances, the requirements for interlocutory appeal are not met. Accordingly, the Court denies Ameranth's motion for certification of the Order for interlocutory review.

**IT IS SO ORDERED**.

Dated: May 10, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court