UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA, INC. and<br>DOMINO'S PIZZA, LLC<br><br>        Defendants. | Case No.: 12cv0733 DMS (WVG)<br><br>**ORDER ON DOMINO'S PIZZA, LLC AND DOMINO'S PIZZA, INC.'S REQUEST FOR FEES AND COSTS** |

   This case comes before the Court on the parties' briefing on the amount of fees and costs to be awarded to the Domino's parties after this Court's exceptional case finding. The Domino's parties request a total of $3,341,492.69 in fees, non-taxable costs and pre-judgment interest for work performed in the district court litigation and related appeal and the Covered Business Method ("CBM") proceedings and related appeal. Ameranth argues the Domino's parties should not recover fees or costs incurred on the CBM proceedings or the appeals, nor should they recover any prejudgment interest. Ameranth also asserts the Domino's parties should not recover any fees incurred before March 26, 2018, which was the date of the hearing in *IPDEV*, and that any fees incurred after that date should be reduced by fifty percent. Alternatively, Ameranth contends the Domino's parties should not recover any fees incurred before November 29, 2016, which is when the Federal Circuit

issued its decision in *Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229 (Fed. Cir. 2016). Ameranth also urges the Court to decline to award fees for redacted billing, to reduce any fees awarded based on the Domino's parties' misconduct, and to decline to award any non-taxable costs.

I.

DISCUSSION

The Domino's parties used the lodestar method for calculating the fees incurred in this case. Under that method, the number of hours expended is multiplied by the applicable hourly rate. Ameranth does not object to the hourly rates charged or the total number of hours expended, both of which the Court finds to be reasonable. The Court therefore turns to Ameranth's other arguments for reducing the requested award.

The first of those arguments is that the Domino's parties should not recover any fees for work performed on the appeal from this Court's summary judgment ruling or the CBM proceedings and the appeal therefrom. The Domino's parties respond that the Court should take a more holistic approach and award fees for all stages of the case.

The Federal Circuit has stated that "a case should be viewed more as an 'inclusive whole' rather than as a piecemeal process when analyzing fee-shifting under § 285." *Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 516 (Fed. Cir. 2014) (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 160 (1990)). In *Therasense*, the court stated that although "parties often task the trial court with allocating costs and attorney's fees, … '[n]either § 285 nor its legislative history distinguishes between awarding attorney fees in the district court and in the appellate court.'" *Id.* at 517 (quoting *Rohm & Haas Co. v. Crystal Chemical Co.*, 736 F.3d 688, 692 (Fed. Cir. 1984)). "Indeed, § 285 does not bar the trial court from awarding fees for the entire case, including any subsequent appeals." *Id.* (citing *Jean*, 496 U.S. at 160).

Ameranth raises two arguments as to why the Court should not follow this approach, namely that its appeals were not frivolous and that the CBM proceedings did not obviate the need for further litigation in this Court. Neither of these arguments, however, provides

a basis for this Court to deviate from the holistic approach set out above. Therefore, the Court rejects Ameranth's argument that the fees and costs incurred on appeal and in the CBM proceedings should not be awarded to the Domino's parties.[1]

Next, Ameranth urges the Court to put a temporal limitation on any fee award. Ameranth offers two options in this regard. First, it asserts the Domino's parties should not receive fees for any work performed before March 26, 2018, which is the date of the *IPDEV* hearing. Although Ameranth maintains it did not take any inconsistent positions in this case, it argues to the extent it may have created "an appearance of inconsistency" on the "synchronous" limitation in the Patents, the only time it could have possibly done so was at the *IPDEV* hearing. Accordingly, Ameranth argues any fees incurred prior to that date are not recoverable. Ameranth's argument, however, places too much emphasis on only one aspect of this Court's exceptional case finding. As the Court explained in its rulings, that finding was based on a number of factors, not just Ameranth's conduct at the *IPDEV* hearing. Thus, the Court rejects Ameranth's invitation to limit the Domino's parties' fees to only those incurred after the *IPDEV* hearing.

Failing that cut-off date, Ameranth offers the Court another date before which fees should not be recoverable: November 29, 2016, which is the date of the Federal Circuit's decision in *Apple*. As set out in the Courts exceptional case order, Ameranth's case on the '077 Patent was especially weak after the *Apple* decision. (ECF No. 134 at 11-12.) However, as with the *IPDEV* hearing discussed above, that decision was not the only basis for the Court's exceptional case finding. Rather, consistent with the *Octane Fitness* standard, this Court considered and relied on the totality of the circumstances in this case in making its exceptional case finding. Given that standard, and the Federal Circuit's

---

[1] After the parties submitted their briefs, the Court requested supplemental briefing on whether *Amneal Pharmaceuticals LLC v. Almirall, LLC*, 960 F.3d 1368 (Fed. Cir. 2020), affects the recovery of fees and costs related to the CBM proceedings. The Court reviewed the parties' supplemental briefs, and finds *Amneal* does not apply here.

preference for a more holistic approach to fee-shifting under § 285, *Therasense*, 745 F.3d at 517 (quoting *Jean*, 496 U.S. at 161–62), the Court declines to impose a cut-off date on the recovery of fees in this case.

Next, Ameranth argues the Domino's parties should not be entitled to recover fees for redacted billing entries. The Domino's parties explain their redactions covered "three types of information: (1) communications with its client, (2) communications with the joint defense group ("JDG") and (3) the substance of legal/prior art research[,]" (Reply at 7), and thus all of their redactions were proper.

The case law supports the Domino's parties. In *Clarke v. American Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992), the Ninth Circuit stated that "correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the [attorney-client] privilege." The court has also stated that redactions are appropriate when they cover "what went on between client and counsel, and among counsel[,]" and that work product protection extends to "issues that may raise problems for one's claim, or problems affecting the relief one will obtain in district court after prevailing on" an argument. *Democratic Party of Washington State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004). The redactions Ameranth complains about appear to fall into these categories. For instance, the May 9, 2012 redactions follow the entry of an invalidity search, (Decl. of Thomas Cunningham in Supp. of Opening Br. ("Cunningham Decl."), Ex. A at 37[2]), and the subject of legal research. (*Id.*) The September 20, 2012 redactions cover the topic of discussion between the JDG. (*Id.* at 68.) These kinds of redactions are a far cry from the redactions in *IPS Group, Inc. v. Duncan Solutions, Inc.*, No. 15-cv-1526-CAB (MDD), 2018 WL 3956109 (S.D. Cal. Aug. 17, 2018), which is the case Ameranth relies upon. There, the moving party redacted

---

[2] The page numbers cited here reflect the page number assigned by the Court's CM/ECF system.

the entirety of the work description for every billing entry. *See IPS Group, Inc. v. Duncan Solutions, Inc.*, No. 15-cv-1526-CAB (MDD), ECF No. 301-3. Contrary to Ameranth's suggestion, that case is not "instructive[,]" (Opp'n to Mot. at 20), and it does not support Ameranth's request for a reduction of the fee award in this case based on any redacted billings.

Next, Ameranth argues any fee award should be reduced due to the Domino's parties' misconduct. The Domino's parties dispute that they engaged in any misconduct in this case, and assert that Ameranth's argument to the contrary is baseless. The Federal Circuit has held that the conduct of the prevailing party should be considered as part of the totality of the circumstances in deciding an exceptional case motion. *Romag Fasteners, Inc. v. Fossil, Inc.*, 866 F.3d 1330, 1340 (Fed. Cir. 2017). However, Ameranth fails to cite any authority to support its argument that the conduct of the prevailing party should be considered after the exceptional case finding is made and the court is considering the amount of fees to be awarded, which is the situation here. Absent any authority to support Ameranth's argument, the Court declines to adjust the fee award based on any alleged misconduct on the part of the Domino's parties.

Next, Ameranth argues the Court should exercise its discretion and decline to award the Domino's parties any non-taxable costs. In support of this argument, Ameranth relies on the arguments discussed above, which the Court has rejected. Ameranth also raises a specific objection to the "Computer Legal Research Charges" as excessive and unexplained. The Court disagrees that these charges are excessive, but does agree that some of the charges are unexplained. Although most of the charges appear to correspond to legal research described in the relevant invoice, some invoices include "computer search charges" without any mention of the performance of legal research. (*See*, *e.g.*, Cunningham Decl., Ex. A at 9-12, 53-58.) On those charges, which total $8,954.04 by the Court's calculations, the Court agrees with Ameranth that those costs are not recoverable. The remainder of the non-taxable costs are recoverable, however.

Ameranth's final argument is that the Court should not award any prejudgment interest because the Domino's parties failed to request it in their exceptional case motion and because Ameranth did not engage in "highly egregious conduct." As to the latter argument, there is no requirement that a party engage in "highly egregious conduct" before a court may award prejudgment interest on an attorney fee award under § 285. Rather, that decision is a discretionary one that depends on "all the facts and circumstances." *Mathis v. Spears*, 857 F.2d 749, 761 (Fed. Cir. 1988). In this case, Ameranth correctly points out that the Domino's parties "did not raise the prospect of prejudgment interest" in their exceptional case motion, and considering that circumstance, the Court declines to award prejudgment interest here. *See M-I Drilling Fluids UK Ltd. v. Dynamic Air Inc.*, No. 14-4857 (JRT/HB), 2018 WL 1399308, at *2 (D. Minn. Mar. 20, 2018) (declining to award prejudgment interest because defendant did not request it in fee motion).

## II.
## CONCLUSION

For all of the reasons set out above, the Court awards the Domino's parties the following fees and costs pursuant to 35 U.S.C. § 285:

| Case | Attorneys' Fees | Costs | Total |
|---|---|---|---|
| District Court | $2,233,510.70 | $167,964.23 | $2,401474.93 |
| Appeal of SJ | $175,003.50 | $2,203.53 | $177,207.03 |
| CBMs + Appeal | $189,867.00 | $17,636.33 | $207,503.33 |
| Totals | $2,598,381.20 | $187,804.09 | $2,786,185.29 |

**IT IS SO ORDERED**.

Dated: June 21, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court