UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC.,<br><br>                           Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA, INC. and<br>DOMINO'S PIZZA, LLC<br><br>                           Defendants. | Case No.: 12cv0733 DMS (WVG)<br><br>**ORDER DENYING AMERANTH, INC.'S MOTION FOR AN EXTENSION OF TIME TO FILE AN APPEAL UNDER FED. R. APP. P. 4(a)(5)(A)** |

This case comes before the Court on remand from the Federal Circuit "for the limited purpose" of having this Court rule on Ameranth's motion for an extension of time to file its appeal under Federal Rule of Appellate Procedure 4(a)(5)(A). (*See* ECF No. 191.) By that motion, Ameranth seeks to file an appeal of this Court's June 21, 2021 Order on Domino's request for fees and costs ("the fee order").

As set out in the Federal Circuit's remand order, the fee order was not required to be set out in a separate document or judgment. Accordingly, Ameranth should have filed its appeal of that order within thirty days of its entry, or by July 21, 2021. Ameranth did not do so. Instead, on August 9, 2021, it filed a "Motion for Issuance of a Final and Appealable

Amended Judgment," along with a request for an extension of time to file its appeal as an alternative.

Federal Rule of Appellate Procedure 4(a)(5)(A) states:

> The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). Here, Ameranth raised only the issue of good cause in its opening brief. Although Ameranth addressed the excusable neglect issue in its reply brief, Domino's argues the Court should limit its inquiry to good cause because arguments raised for the first time in a reply brief have been forfeited, and the reply brief was filed more than sixty days after the Court's June 21, 2021 Order. Generally, this Court declines to address arguments raised for the first time in a reply brief, but considering the unique circumstances of this case and Domino's opportunity to file a surreply, the Court will address both the good cause and excusable neglect prongs.

The Advisory Committee Notes to Federal Rule of Appellate Procedure 4 state "[t]he good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4(a)(5) Advisory Committee Notes to 2002 Amendment. As an example, the Committee Notes cite a situation where "the Postal Service fails to deliver a notice of appeal[.]" *Id.* Ameranth asserts the good cause standard is met here because it was waiting for this Court to issue an amended judgment in accordance with the Federal Circuit's initial remand, and the timing of the Court's decision was "an event beyond Ameranth's control." (Reply at 8.) However, the Court's decision about whether to enter an amended judgment after remand had no bearing on Ameranth's deadline to file an appeal of the fee order. Under Federal Rule of Civil Procedure 58(a)(3), the fee order was not required to be set out in a separate or amended judgment, and under Federal Rule of Appellate Procedure 4(a)(1)(A), Ameranth was

required to file an appeal of that order within thirty days of its entry. (*See* ECF No. 191 at 4) (stating "the time for Ameranth to appeal from that [fee] ruling started upon the entry of that order and did not restart when the amended judgment issued.")

Ameranth does not acknowledge the thirty-day deadline, but in an email sent two days after the Court's order it stated that it would:

> be promptly appealing both the exceptional case order and the fee award order to the Federal Circuit, posting a bond and requesting the current stay of the proceedings continue through the appeal, not only as to the Domino's case but as to all of the consolidated infringement cases, for the reasons we have previously expressed.

(Opp'n, Ex. B.) Despite that email, Ameranth failed to file its appeal within thirty days of the fee order being entered. Instead, it waited forty-nine days from entry of the fee order to file its Motion for Issuance of a Final and Appealable Amended Judgment. Under these circumstances, Ameranth has not shown it was not at fault for failing to file its appeal within the thirty-day deadline. Accordingly, the good cause standard is not met.

This leaves only the excusable neglect prong, which applies when "there is fault." Fed. R. App. P. 4(a)(5) Advisory Committee Notes to 2002 Amendment. Although Ameranth disclaims any fault in this case, it does set out the factors relevant to a determination of excusable neglect. Those factors include: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)).

On the first two factors, Ameranth asserts there would be no prejudice to Domino's if the present request for an extension of time was granted. Domino's disagrees, and argues Ameranth's delay has been highly prejudicial to Domino's. Clearly, Ameranth delayed in filing the present request, which was filed more than thirty days after the fee order was issued. However, that forty-nine-day delay, standing alone, can hardly be considered

prejudicial given this case has been pending for more than ten years. Other than delay, Domino's does not raise any arguments or evidence of prejudice. Therefore, the first two factors weigh in favor of Ameranth.

On the third factor, Ameranth repeats that the reason for the delay is that it was "understandably expecting an amended judgment to be issued that would both conform with the Federal Circuit's mandate and include the fees and costs that have been awarded since the entry of the original judgment in October of 2018." (Reply at 9.) Setting aside whether Ameranth's expectation was "understandable," it does not address or excuse Ameranth's delay in filing the present motion. Regardless of whether the Court issued an amended judgment, the fee order was entered on June 21, 2021, and Ameranth should have filed its appeal within thirty days of that date.

To the extent Ameranth misunderstood the rules, which Ameranth notably does not concede, "'mistakes construing the rules do not usually constitute excusable neglect.'" *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001) (quoting *Pioneer*, 507 U.S. at 392) (quotation marks omitted). *See also Pincay*, 389 F.3d at 859 (recognizing "that a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered[.]") That is especially so here, where (1) Federal Circuit case law "make[s] clear that motions for fees under § 285 are governed by Rule 54[,]" (ECF No. 191 at 3), (2) Federal Rule of Civil Procedure 58(a) explicitly states that an order disposing of a motion "for attorney's fees under Rule 54" need not be set out in a separate judgment, Fed. R. Civ. P. 58(a)(3), and (3) Federal Rule of Appellate Procedure 4(a)(1)(A) states a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).

Furthermore, Ameranth has been represented by lawyers from no less than five different law firms in this case, none of whom filed a declaration attesting to the reason for the delay in filing the present motion. In fact, Ameranth has not presented any evidence to support its argument of excusable neglect, despite having the burden of proof on that issue. *In re Rebel Rents, Inc.*, 326 B.R. 791, 802-03 (C.D. Cal. 2005) (citations omitted). In

contrast, the evidence submitted by Domino's reflects that two days after the fee order issued, Ameranth's counsel informed Domino's counsel that Ameranth would "be *promptly* appealing both the exceptional case order and the fee award order to the Federal Circuit[.]" (Opp'n, Ex. B) (emphasis added). Nowhere in that email did Ameranth mention that it was waiting for the Court to issue an amended judgment before filing its appeal, or that it would be requesting the Court to issue an amended judgment before filing its appeal. Instead, Ameranth let the thirty-day deadline expire, and then waited more than two additional weeks before filing the present motion. On these facts, the "reason for the delay" factor weighs heavily in favor of Domino's.

The final factor for the Court's consideration is whether Ameranth's conduct was in good faith. Ameranth asserts there is no evidence of bad faith here, while Domino's seems to suggest that Ameranth intentionally blew the deadline for filing its notice of appeal to "further delay this case." (Surreply at 7.) Ameranth has exercised its rights to appeal many of this Court's rulings, which has delayed the final resolution of this case, but all parties bear some responsibility for the inordinate delays in this litigation. While the Court declines to find that Ameranth intentionally disregarded its time to appeal the fee order in this case, the evidence does support Domino's argument that Ameranth knew the fee order was appealable "promptly" after its entry and without a separate judgment, (Opp'n, Exs. A, B), but then did nothing to pursue that appeal. On this record, the fourth and final factor is neutral.

Although the prejudice and delay factors weigh in favor of granting Ameranth's request for an extension of time to file its appeal, the third factor, which looks to the reason for Ameranth's delay and whether that delay was in the reasonable control of Ameranth, weighs heavily in favor of Domino's. Ameranth bore the burden of proof to show good cause or excusable neglect under Federal Rule of Appellate Procedure 4(a)(5)(A), and it

///

///

///

did not meet that burden. Accordingly, Ameranth's request for an extension of time to file an appeal of the fee order is denied.

**IT IS SO ORDERED**.

Dated: June 7, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court