UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC.,<br><br>                     Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA, INC. and DOMINO'S PIZZA, LLC<br><br>                     Defendants. | Case No.: 12cv0733 DMS (WVG)<br><br>**ORDER (1) GRANTING AMERANTH'S MOTION FOR RECONSIDERATION AND (2) GRANTING AMERANTH'S REQUEST FOR AN EXTENSION OF TIME TO APPEAL** |

      The Court set out the background events leading up to this motion at the August 19, 2022 status conference with Counsel. In brief and to recap, on June 21, 2021, this Court issued an order on Domino's request for fees and costs pursuant to the Court's exceptional case finding. Pursuant to 28 U.S.C. § 2107(a), Ameranth had thirty (30) days, or until July 21, 2021, to file an appeal of that Order. It failed to do so, and instead, on August 9, 2021, it filed a Motion for Issuance of a Final and Appealable Amended Judgment. As part of that motion, Ameranth requested, in the alternative, that the Court grant Ameranth an extension of time to file an appeal of the Court's exceptional case finding and fee award. In support of that request, Ameranth argued there was good cause for extending its time to appeal. Nowhere in that motion did Ameranth raise the issue of excusable neglect. The first time Ameranth addressed that issue was in its reply brief, in response to Domino's

suggestion that Ameranth had waived any argument of excusable neglect by failing to raise that issue in its motion. On November 18, 2021, the Court granted Ameranth's motion for issuance of a final amended judgment, and denied as moot Ameranth's alternative request for an extension of time to file its appeal. Ameranth filed its appeal of the judgment on November 24, 2021.

In response to Ameranth's appeal, Domino's filed a motion to dismiss on the ground the appeal was untimely. After receiving Ameranth's response to that motion, the Federal Circuit issued an order holding the motion in abeyance and referring the case to this Court so it could issue a ruling on Ameranth's alternative request for an extension of time to file its appeal. After Ameranth filed a renewed motion for an extension of time, which was stricken on Domino's motion, the Court gave Domino's an opportunity to file a sur-reply to Ameranth's original reply brief. After reviewing that brief and the briefing on Ameranth's original motion, the Court denied Ameranth's request for an extension of time to file its appeal.

That order is the basis for Ameranth's present motion for reconsideration. Domino's filed an opposition to the motion, and Ameranth filed a reply. The Court heard argument on the motion on August 19, 2022.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Ameranth argues reconsideration is warranted here because the Court's order "is based upon an erroneous factual premise and multiple legal errors, and fails to consider all of the relevant equitable factors[.]" (Mot. at 1.) Although Ameranth's arguments are focused on the "clear error" prong, Ameranth also argues that a failure to reconsider the order will result in manifest injustice. (*Id.*)

The Court rejects Ameranth's argument that there was any "clear error" in the order denying Ameranth's request for an extension of time to appeal. Despite Ameranth's

2

12cv0733 DMS (WVG)

attempts to blame the Court for its failure to file a timely appeal, Ameranth is solely responsible for that late filing. The Court applied the correct legal standard to Ameranth's request, and properly applied that standard to the facts and arguments presented in the parties' briefs. There was no error, much less any clear error, in the Court's ruling.

Ameranth has also failed to show that the Court's order was manifestly unjust. "A 'manifest injustice' is defined as 'an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds[.]'" *In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (C.D. Cal. 2003) (quoting Black's Law Dictionary (11th ed. 2019)). A manifest injustice does not lie when, "[w]hether through mistake, ignorance, or tactical maneuvering," the plaintiff places itself in the position of asking the court for reconsideration. *In re Dreyfus Mut. Funds*, No. 04-0128, 2006 WL 1699443, at *2 (W.D. Pa. June 20, 2006). As explained above, Ameranth has not shown any manifest injustice here.

Nevertheless, this Court "'possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). Here, there is sufficient cause for the Court to reconsider its previous order. Specifically, the record reflects counsel for Ameranth misinterpreted the law governing the time to appeal the Court's exceptional case finding and fee award, and Ameranth consequently blew that deadline. Ameranth then compounded that error by seeking relief under the good cause prong of Federal Rule of Appellate Procedure 4(a)(5)(A)(ii) rather than the applicable prong of excusable neglect. According to Ameranth, it did not realize its errors until the Federal Circuit issued its remand order, after which it filed another request under the correct legal standard of excusable neglect. In the latest round of briefing, Ameranth finally presented evidence in support of its request, and finally explained the prejudice it would suffer if the Court declined to reconsider its previous order, namely, an inability to appeal

the Court's exceptional case finding and a multi-million dollar judgment against it for fees and costs, not to mention the possible follow-on effects of the Court's rulings on the other cases in this litigation.

These circumstances implicate a number of federal policies, in particular, the policy favoring finality of judgments and the competing policy favoring resolution of cases on the merits. Most importantly for this Court, however, is "'the incessant command of the court's conscience that justice be done in light of all the facts.'" *Phelps v. Alameida*, 569 F.3d 1120, 1133 (9th Cir. 2009) (quoting *Stokes v. Williams*, 475 F.3d 732, 736 (6th Cir. 2007)). In light of all the facts in this case, justice requires that the Court reconsider its previous order, and on reconsideration, the Court finds Ameranth has made a sufficient showing of excusable neglect. Accordingly, Ameranth is granted fourteen (14) days from the filing of this Order to file its appeal of the Court's exceptional case finding and fee award.

**IT IS SO ORDERED**.

Dated: August 30, 2022

Hon. Dana M. Sabraw
United States District Judge